IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-01126-RPM

EMILY BACHMEIER,

    Plaintiff,

v.

TIRE DISTRIBUTION SYSTEMS, INC., and
JIM HAGER,

    Defendants

___

**STIPULATED PROTECTIVE ORDER**

___

Defendants Tire Distribution Systems, Inc. and Jim Hager, by and through their attorneys of record, C. Michael Montgomery and David C. Fawley of Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P., and Plaintiff Emily Bachmeier, by and through her attorney, Randal R. Kelly, hereby consent and agree to entry of a Protective Order ("Order") on the following terms and conditions.

IT IS HEREBY ORDERED THAT:

1.   This Order applies to all Parties to this litigation and to documents produced, obtained or exchanged in the course of this action between the Parties. Those documents which are the subject of this Order shall be used by the Party to whom such documents are produced, obtained or exchanged solely for the purpose of this litigation and for no other purpose.

2. Any documents produced or exchanged by Parties to this action, or any of their attorneys and/or representatives, and any information contained in responses to interrogatories or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a Party believes in good faith is of a proprietary and/or confidential nature and which information is not publicly available, may be designated as confidential, and all documents and information so designated and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the Party designating information as confidential may, in writing and without Court approval, agree to release any such Confidential Information from the requirements of this order; and PROVIDED FURTHER that nothing in this Order shall prevent any Party from challenging the designation of any document as confidential. The procedure for such a challenge is addressed in paragraph 9 of this order.

3. A Party may designate a document as confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform other counsel that the document is to be treated as Confidential Information.

4. Confidential Information will specifically exclude:

    (a) Information which Parties can demonstrate has been independently developed by any of them.

    (b) Information which now or hereafter becomes available to Parties without any violation of the terms of this Agreement by any of them.

2

(c) Information which now or hereafter becomes available to the general public through no fault of Parties.

Information which has already been exchanged between the Parties may be protected by this Agreement.

5. Confidential Information shall be produced only to counsel of record in this action and to the persons identified in Paragraph 6 below, all of whom, by receipt of such Confidential Information, agree to be bound by the terms of this Order.

6. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the Party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) attorneys and legal assistants, whether employees or independent contractors, of counsels' firms; the risk manager and/or in-house counsel, if any, of any defendant; and any other employee of counsels' firms, in-house counsel's office or in-house risk management's office who shall handle the Confidential Information under normal office procedures;

(b) experts, consultants or investigators retained by the parties with respect to this action;

(c) any individual party and any employee of any corporate party whose assistance is needed to properly prosecute or defend this action;

3

(d) any insurance claims adjuster assigned by his or her company to handle the defense of this action;

(e) the court before which this action is pending;

(f) any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; and,

(g) any witness in the course of any deposition or testimony in this action.

7. Each person referred to in subparagraphs 6(b), 6(c), and 6(d), who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Order and agrees to be bound by its provision, which undertaking shall be retained by counsel for the receiving Party who provides such material or information to such person.

8. Any Party may also designate all or a portion of deposition testimony as Confidential Information by so stating on the record during said deposition.

9. A Party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential

4

under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. This Order shall govern the use and disclosure of Confidential Information at all stages of and in all proceedings pertaining to this litigation, including without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action. The use of Confidential Information at trial or at depositions shall not be deemed a waiver of the protections of this Order, and the Parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.

This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

12. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

   (a)   operate as an admission by any Party that any particular discovery material contains or reflects any Confidential Information; or

5

(b) prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

(c) prejudice in any way the rights of a Party to seek a court determination whether particular discovery materials should be produced; or

(d) prejudice in any way the rights of a Party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that Party may consider appropriate.

13. Any Party wishing to use any Confidential Information in any brief, memorandum, affidavit or other paper filed with the Court shall file all such affidavit(s), exhibit(s), or other paper(s), and any portion of any brief or memorandum referring to or alluding to said Confidential Information, under seal, enclosing the document(s), excerpt(s) or exhibit(s) in a sealed envelope, labeled with the caption of the case, a brief description of the contents, and a statement that the envelope is sealed pursuant to this Order.

14. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Within sixty (60) days following the final resolution of this action, all materials designated as confidential and reproductions or copies thereof, shall be returned to counsel for the Party who produced said materials. Alternatively, with the consent of the producing Party, any expert, consultant, investigator, or like person who is in possession of Confidential Information can provide a

certification that the entire file has been destroyed, which would satisfy the obligations under this Protective Order.

15.   Any Party may at any time and for any reason seek modification of this Protective Order or challenge the designation of particular materials as confidential. This Protective Order can be modified only by written agreement of the Parties or by Order of this Court. Each Party reserves the right to object to any Party's motion or request to modify this Protective Order.

ENTERED this __14th__ day of __Sept__, 2009.

BY THE COURT:

_/s/ Richard P. Match_
Richard P. Match

Senior District Judge

APPROVED AS TO FORM AND CONTENT:

MONTGOMERY, KOLODNY,
AMATUZIO & DUSBABEK, LLC.

[Original signature of David C. Fawley on file at Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P.]

By: s/ David C. Fawley
    C. Michael Montgomery
    David C. Fawley
    Montgomery, Kolodny, Amatuzio & Dusbabek, LLP
    1775 Sherman Street, 21st Floor
    Denver, CO 80203

COUNSEL FOR DEFENDANTS, TIRE DISTRIBUTION SYSTEMS, INC. AND JIM HAGER

IRWIN & BOESEN, P.C.

[Original signature of Randal R. Kelly, Esq. on file at Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P.]

By: s/ Randal R. Kelly
    Randal R. Kelly, Esq.
    Irwin & Boesen, P.C.
    4100 E. Mississipi Ave., Suite 1900
    Denver, CO 80246

COUNSEL FOR PLAINTIFF

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

By affixing my signature below, I acknowledge that I have read and carefully considered the Protective Order ("Order") executed by the parties in the above-styled lawsuit. To the extent necessary, I have sought any necessary legal advice regarding my obligations under the Order. I further understand and agree that should I violate the provisions of said Order that I may be subject to the contempt powers of the Court and hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for purposes of adjudication of any sanction, or action by the parties for violation of the Order. I understand that my access to Confidential Information, as described in the Order, is expressly conditioned on my agreement to be bound by the terms of the Order, and I agree to be so bound.

DATED this _____ day of _____, 2009.

Signature: _____

Name: _____

Address: